IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FIRST JUDICIAL CIRCUIT COURT, et al.,
    Plaintiffs,

vs.                                            Case No.:  3:15cv235/RS/EMT

ALGIE STALLWORTH,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Defendant Algie Stallworth ("Stallworth"), a non-prisoner proceeding pro se, commenced this action by filing a Notice of Removal, seeking to remove a state criminal traffic matter, <u>State of Florida v. Algie Lovell Stallworth</u>, Case No. 2015-CT-000145, from the County Court in and for Escambia County, Florida, to this court, pursuant to 28 U.S.C. §§ 1440, 1441, 1443, 1446 (doc. 1). Stallworth also filed a motion for leave to proceed in forma pauperis (doc. 2), which will be granted.

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the state court matter should be remanded to the state court from which it was removed.

        The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. *See* Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966), and City of Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotation marks and citation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. *Id.* That a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). *Id.* (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Id.* This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Id.* (quoting Rachel, 384 U.S. at 804). Under Section 1443(1),

> the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Case No.: 3:15cv235/RS/EMT

Peacock, 384 U.S. at 828. Failure to satisfy either prong of the two-pronged test is fatal to removal. Williams v. State of Mississippi, 608 F.2d 1021, 1022 (5th Cir. 1979).[1]

Here, Stallworth states he is charged with Driving While License Expired (doc. 1 at 6). As grounds for removal, he alleges the officer who issued the citation knowingly filed a false charge (*id.* at 5). He contends his procedural due process rights have been violated in the state criminal proceeding, and he will not be able to receive a fair and impartial trial in state court (*id.* at 4).

Stallworth fails to satisfy the first prong of the removal test. His rights under the Due Process Clause are not specific civil rights couched in terms of racial equality, rather, they are broad constitutional guarantees of general application. Thus, Stallworth's right to due process cannot serve as the basis for removal under Section 1443. *See* Johnson, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."); Rachel, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); State of Mississippi v. McCollum, 513 F.2d 285 (5th Cir. 1975) (constitutional right to a speedy trial cannot serve as basis for removal under 28 U.S.C. § 1443); Varney v. State of Georgia, 446 F.2d 1368, 1369 (5th Cir. 1971) (defendant's claims alleging violations of Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments had nothing to do with racial equality, therefore, removal was not proper under Section 1443(1)); State of Georgia v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (Section 1443 applies only to rights granted in terms of racial equality; claims of rights under constitutional guarantees of free speech and due process will not support removal).

Stallworth likewise fails to satisfy the second prong of the test for removal under Section 1443(1). As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

advance of trial, or even that the defendant is unable to obtain a fair trial in a particular state court. Alabama v. Conley, 245 F.3d 1292, 1297 (11th Cir. 2001). Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. *Id.* Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. *See id.* at 1298. In the instant case, the Due Process Clause does not immunize Stallworth from the state prosecution for driving with a suspended or expired license.

Section 1443(2) is equally unavailable, since its provisions are limited to federal officers and those authorized to act for them or under them. *See* Varney, 446 F.2d at 1369 (citing Peacock, 384 U.S. 808).

Summary disposition of the notice of removal is proper because, assuming arguendo that Stallworth could establish the validity of his due process claim, it would not provide a basis for removal under Section 1443. *See* Varney, 446 F.2d at 1369 (district court did not err in remanding case without conducting a hearing where, assuming arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal under Section 1443); Spencer, 441 F.2d at 398 (same).

Accordingly, it is **ORDERED**:

Defendant's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case, which includes state court case number 2015-CT-000145, to the County Court in and for Escambia County, Florida.

At Pensacola, Florida, this 29th day of May 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**